This copy is for your personal, non-commercial use only. To order presentation-ready copies for distribution to your colleagues, clients or customers visit https://www.djreprints.com.

https://www.wsj.com/articles/justice-departments-reversal-on-online-gambling-tracked-memo-from-adelson-lobbyists-11547854137

U.S.

# Justice Department's Reversal on Online Gambling Tracked Memo From Adelson Lobbyists

Analysis sent to Justice Department argued that 2011 opinion that helped online gambling was wrong



Sheldon Adelson is a casino magnate and top Republican donor.
PHOTO: JOHN LOCHER/ASSOCIATED PRESS

By Byron Tau in Washington and Alexandra Berzon in Los Angeles
Updated Jan. 18, 2019 8:34 pm ET

The legal reasoning behind the Justice Department's unusual reversal this week of an opinion that paved the way for online gambling hewed closely to arguments made by lobbyists for casino magnate and top Republican donor Sheldon Adelson.

In April 2017, one of the lobbyists sent a memo to top officials in the Justice Department, arguing that a 2011 opinion that benefited online gambling was wrong.

Officials in the department's Criminal Division, in turn, forwarded it to the Office of Legal Counsel, which had issued the opinion, and asked attorneys there to re-examine their stance that a law on the books for decades didn't prohibit online gambling, according to documents and interviews with people familiar with the matter.

The Justice Department this week announced that its Office of Legal Counsel had, in an unusual move, reversed its position, according to documents and interviews.

The department's new position was a victory for Mr. Adelson, who has poured millions into a multiyear lobbying campaign on the matter, according to public lobbying disclosures. In addition to his advocacy to curb online gambling, Mr. Adelson spent tens of millions in the 2016 election backing President Trump and has emerged as one of the most powerful and influential donors in GOP politics.

A spokesman for Mr. Adelson said he declined to comment.

Mr. Adelson's company Las Vegas Sands Corp. operates casinos in Las Vegas, Macau and Singapore. He has long said that online gambling would decrease revenue at bricks-and-mortar casinos and that it could encourage underage gambling and addiction.

The legal counsel's office completed its new position on online gambling in November, and it was publicly announced this week by the Justice Department. In the new opinion, the office, known as the OLC, acknowledged how unusual it was to overturn a departmental opinion, writing: "We do not lightly depart from our precedent," and "we embrace the long traditions of general adherence to executive branch legal precedent."

Earlier this week, the Justice Department said neither Mr. Adelson nor any outside parties were consulted on its recent decision. But department officials said that they were in possession of the legal analysis from Mr. Adelson's team after being asked about it by The Wall Street Journal.

A senior Justice Department official familiar with the matter said that the OLC's regular processes were followed and that there was no outside pressure to produce a specific conclusion. The official said that then-Attorney General Jeff Sessions promised Congress during his confirmation hearing he would re-examine the online gambling laws and that the OLC review came as part of that promise.

Although gambling is largely regulated by the states, the longstanding view of the Justice Department has been that interstate gambling involving electronic transmissions is prohibited by a 1960s federal law called the Wire Act. The law explicitly addresses the issue of making sports bets over telephone lines but also had been used by the Justice Department to target online gambling more generally.

In 2011, the Justice Department backed away from its interpretation, deciding that the prohibition was only on online sports betting, not other forms of online gambling.

The lobbyists's legal analysis, reviewed by the Journal, was prepared in February 2017 by a law firm headed by lawyer Charles Cooper, a former senior Justice Department official.

The memo argued that the plain meaning of the words in the Wire Act appeared to ban all transmissions related to all forms of gambling, not just sports betting.

Another lawyer and lobbyist representing Mr. Adelson's casino company, Darryl Nirenberg, said he passed along the Cooper firm's memo to a top-ranking official in the Justice Department in April 2017.

A month later, the Criminal Division asked the legal counsel's office "to reconsider the 2011 Opinion's conclusion that the Wire Act is limited to sports gambling," according to the office's November opinion.

That 2011 decision prompted several states to allow companies to operate poker and, in some cases, other games over the internet for the first time. In some other states, lotteries began to sell tickets to jackpots and instant games online.

The November 2018 opinion adopted arguments similar to those in the Cooper memo about the meaning of the words in the law as its primary reason for the new interpretation. Both writings pointed to some of the same case law examples.

Such a reversal of a Justice Department legal interpretation is unusual but not unheard of, according to both current and former department officials familiar with the OLC. It is also unusual but not unheard of for a memo prepared by an advocacy group to be provided to the OLC, according to former officials. Lawyers representing the state of Illinois submitted a paper to the OLC during the 2011 evaluation of the Wire Act, according to documents.

Mr. Cooper disclosed his advocacy on behalf of an anti-online gambling group bankrolled by Mr. Adelson in a lobbying registration filed with Congress in 2017. Mr. Nirenberg has been a registered lobbyist for Mr. Adelson's company, Las Vegas Sands, for two decades.

Shortly after his firm wrote the 16-page legal memo, Mr. Cooper was retained as the personal lawyer to Mr. Sessions, who was then attorney general and has now left

Last Viewed by First Circuit Library on 01/22/2021

government. Mr. Sessions would go on to recuse himself from any matter involving online gambling due to the conflict of interest presented by his lawyer lobbying the department on a pending matter.

The issue of online gambling has long split the casino industry. Some of Mr. Adelson's rivals disagreed with his position, lobbying for online gambling believing it could be a lucrative revenue source.

Federal courts ultimately decide how to interpret the law, but the OLC plays an important role in providing legal analysis and resolving disputes within the administration. Mr. Cooper served as the head of the OLC during the Reagan administration.

Legal experts and companies that operate online gambling sites said they were unsure what the new decision would mean for the burgeoning online gambling business and weren't sure how aggressively the Justice Department would become in trying to limit a market that already exists in some states.

Anthony Cabot, a law professor at the University of Nevada, Las Vegas who while in private practice represented online-gambling interests, said that the appearance of influence from Mr. Adelson in the department's legal interpretations was troubling.

"You have a situation where we are going back without any clear purpose and amending an opinion from eight years ago that simply no one was complaining about," said Mr. Cabot. "There is no reason for this to happen and there's only one person pushing it."

A senior Justice official said that the department was asked to reconsider the question due to the vow made by Mr. Sessions in an appearance before Congress. Mr. Sessions said he was "shocked" by the 2011 decision.

—*Rob Barry contributed to this article.*

**Write to** Byron Tau at byron.tau@wsj.com and Alexandra Berzon at alexandra.berzon@wsj.com

*Appeared in the January 19, 2019, print edition as '.'*

Copyright © 2021 Dow Jones & Company, Inc. All Rights Reserved

This copy is for your personal, non-commercial use only. To order presentation-ready copies for distribution to your colleagues, clients or customers visit https://www.djreprints.com.

Last Viewed by First Circuit Library on 01/22/2021